Good morning, your honors. First things first, can you all hear me? Yes. Thank you. Thank you for asking. It's a new world we live in. We're here this morning to discuss if Hobbs Act robbery is categorically a guideline crime of violence. It is not. It is a categorical mismatch for the reasons that every court of appeals to have addressed this issue has held, and I believe my count is up to six. I noted I filed a couple 28 J letters on Green out of the Fourth Circuit, and Green was just last week, last Thursday, and then Bridges out of the Seventh Circuit. And I know that the government appears in its briefing to actually concede the point. To be honest, I have nothing really to add beyond what's been said at length from our sister circuits, other than to simply point out that we have been cited here in the Ninth by the Fourth, the Seventh, and the Eleventh Circuits as already having resolved this issue, the United States v. Edling, which dealt with a, what all the circuits, other circuits, are calling a functionally identical state statute in Nevada. So from the other In response, the government says essentially that we should jettison the categorical approach altogether whenever courts hold these joint revocation proceedings with the sentencing hearings. It doesn't even quite say that. It just keeps saying this is different because that happened, but it doesn't explain what the relevance of that is. And that is exactly my first point, Your Honor. To the extent that I even understand that the government's brief says that the facts of the underlying Hobbs Act robbery were, quote, properly before the district court because we had this omnibus hearing going on. And, Your Honor, you raise the exact point. My first point is there's no legal significance to holding those hearings together. We just do it down here at the district court level purely for convenience. Judge Mendoza is based out of Tri-Cities. He travels up here to And so we schedule the hearings together simply to save the trip. But if the government had its way and these enhancements turned on whether we held the hearings together or separately, you're going to get a bunch of very goofy results in that the defense is going to try and call Judge Mendoza's courtroom deputy and ask to hold the hearings scheduled separately. And then you'd have career offender enhancements just turning on the courtroom deputies scheduling. You know, so number one is there's just no legal significance to holding the hearings together or separately. It's purely a scheduling thing for convenience. The second is the government cites no authority at any level. There is no district court authority. There's no appellate court authority, and there's no certainly no Supreme Court authority attaching any significance to holding these things at the same time. The government ignores binding precedent that the categorical approach is used to determine guidelines, crimes of violence. The government ignores the reasons that we use, uh, that approach altogether. Um, in doing a little bit of thinking before oral arguments, Your Honor, we also realized that adopting the government's approach is going to wreak havoc on all kinds of other bodies of law. I'd note that, you know, in 924 C cases regularly, the facts underlying the crime of violence are before the district court at sentencing. Um, I'm not sure how much Your Honor's get into this, but typically when you charge an indictment of 924 C, you've got something like count one is bank robbery. Count two is the 924 C, which is the gun in the bank robbery was possessed in furtherance of a crime of violence. And so in every one of those cases, virtually you've got the facts of the underlying crime properly before the district court. And yet we still use the categorical approach. My view is that you don't really need to go on with this very much, but I will reserve. Well, the one thing that might be worth addressing is that the, um, harmless error. I'm sorry. What was that, Your Honor? The harmless error. Oh, the harmless area, Your Honor. Um, yes. Uh, so Mr Priggen received a mid guidelines sentence in the middle of the 57 to 71 range, um, under a miscalculated range. Uh, if he received a mid guideline sentence on her properly calculated range, he'd be about 11 months lower. I would note this is an ordinary case. I always look to Rosales Mireles out of the Supreme Court, which is 138 Supreme Court at 1903, which simply says a guideline error will in the ordinary case result in reversal. So Mr Priggen, if reversed, would have a very strong argument for a mid guideline sentence at the district court. He'd get about 11 months less. And I think, uh, all of us would agree that 11 months less in a prison cell is harmful. Uh, counsel, is there any, um, thing in the record that would suggest that the district court would have given, or still given the same 64? It doesn't look like it, but I just wanted to ask, same 64 month sentence, had it kept the correct guideline range? Not that I'm aware of. And do we look at that? I mean, I know it's not an issue here. Um, I suppose you could, Your Honor, but it's not an issue here. I mean, this appears to be a straight guideline impacted sentence, and so a guideline miscalculation is harmful. Counsel, the government makes the point or the statement that, uh, assuming you you successful and we reverse and remand, uh, that it should be on an open record and your response at page 14 of the gray brief is, well, it's certainly not open as far as the Hobbs Act robbery. And I agree with you. But is there any disagreement that the district judge on remand would then be free to sentence pretty much the way a district judge would in any case, except that it's not a crime of violence. So he's not obliged to go to the middle of the new guideline range. I would agree with that, Your Honor. Okay, then I think that there could be a new hearing and new evidence. Um, to the extent that I believe there's a new hearing and new evidence, there should be a new sentencing to correct this. That's what I mean. A new sentencing hearing, which was a full sentencing hearing. And that's the ordinary thing, as I understand. Yes. And I would agree with that. Okay. Thank you. Thank you, Your Honor. Reserve the rest of my time. Mr. Gokey, is that how you say it? Mr. Gokey, can you see me? Yes, we can. May it please the court. Can you hear me well? So the government came close to conceding the basic issue of the Hobbs Act robbery in the district court. And I kind of wish you would just do that because it seems pretty obvious. I will say to the court that government's brief has not aged well and facts have not been on the government side. We were, I think there were two circuits that have decided the issue against the government at the time the brief was filed about two years ago. And Mr. Prince is correct. There are now six. And there are the two cases decided by the government in its brief from the Ninth Circuit are not helpful with regard to analyzing the Hobbs Act robbery. I think the biggest issue, frankly, I'm not using the word concede, but I think the biggest issue is that if this court were to follow the Green case and all the other cases that came before it, if it goes back to the district court on remand, it should be on an open record. As Judge Berzon just noted, the court should be free to hold a new and complete sentencing hearing and would not be bound to a middle of the guideline range sentence based on a new calculation of the guidelines. I mean, this is a situation I think everyone recognizes. It really highlights the absurdity of the of the categorical approach in certain cases. And this is a case where the government charged very specifically in the indictment. It was a crime of violence. It involved a knife, both counts. Those were the facts pled to. But I realized that following the categorical approach strictly, not using the modified categorical approach, we can't get to those documents. So, so, so you agree, you're conceding that the categorical approach applies here? I don't know how I cannot. The categorical approach has been utilized. This court utilized that approach in the two Ninth Circuit cases, analyzing state law robberies, and now it goes to the Hobbs Act. Unless this court were willing to disregard or overrule those those prior cases, which I don't think in this panel we can do. So I think there is a, I mean, there is a question as to whether there is harmless error here, but the record is somewhat silent as to whether the district court is, as Judge Boggs noted, would have. In that instance, I mean, under the Munoz Camarena case and others, and the Supreme Court case that was just quoted to us, my understanding is that the circumstances in which you find harmless error, whether there was an error as to the guideline calculation, are those in which you can actually ascertain that there's going to be the same sentence, not where it's not clear. I think that's correct, Your Honor. If there had been a stronger statement from the court, and the court may very well feel this way, and the government will certainly argue this on remand if that's the way this goes, the court very well on this record could have found that 64 months was appropriate under the 3553 factors independent of the guidelines. I think there is evidence to suggest that, but there's not a clear statement in the record that I can see. Where's the evidence to suggest that? Oh, I don't think I can point to a clear statement. I think that it's just, it's essentially silent on that point. I think the court could have been thinking along those lines. It did not say so explicitly. And I think there'd be nothing to stop. Wait, you say explicitly, is there any other reference where the court said that? I have to admit that the court's, the specific reference the court made was the court felt that a guideline sentence was appropriate and found at the middle of the guideline range applied. I don't think that would prevent the court from, again, considering the 3553 factors as is required to do if this goes back on remand, and the court could very well find that 64 months is, again, an appropriate sentence. Nothing would prevent that. In my reading of the court's comments or the case law. But nothing would compel it either. I agree, Your Honor. Nothing would compel it. Okay. So go at it. All right. So, is that it? Sir, so you're finished with your argument? I have, frankly, nothing further to add, Your Honor. And it could have avoided this argument. That's the only thing I need to say about it. If you would, if the brief had been a little bit more forthcoming. Well, I think that the time has not been, time has clarified the matter significantly. I mean, I think we're, you know, interviewing a year and a half. There's been a number of additional cases that have come down and made this a much more crystallized question. All right. Thank you very much. The case of United States versus Priggan is submitted. We will go to the next case. Thank you, Your Honor. Actually, two cases. Thank you. Oh, I'm sorry. Mr. Prince, is there anything you want to add? Your Honor, a wise lawyer once told me to keep your mouth shut and don't unwin a case when you've got it won. And I will abide that right now. This seems like exhibit A, so. Thank you, Your Honor.
judges: Boggs, Berzon, Murguia